# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Kia S.,[1] | ) |
| | ) |
|       **Plaintiff,** | ) |
| | )    **Case No. 22-cv-06037** |
|   v. | ) |
| | )    **Honorable Beth W. Jantz** |
| **MARTIN J. O'MALLEY,** | ) |
| **Acting Commissioner of Social Security,**[2] | ) |
| | ) |
|       **Defendant.** | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Kia S.'s application for disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). The Parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c). For the reasons that follow, Plaintiff's Memorandum in Support of Summary Remand (dkt. 10) is GRANTED and the Commissioner's Motion for Summary Judgment (dkt. 13) is DENIED. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the Court refers to Plaintiff by her first name and the first initial of her last name.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. O'Malley has been substituted for his predecessor.

## BACKGROUND

### I.  Procedural History

On June 21, 2018, Plaintiff completed a Title II application for disability and DIB, as well as a Title XVI application for SSI. R. 25. Plaintiff alleged disability beginning August 21, 2009. R. 25. Plaintiff's claims were denied initially on August 7, 2018, and upon reconsideration on March 13, 2019. R. 25. A hearing was held before an Administrative Law Judge ("ALJ") on January 13, 2020. R. 47-77. The ALJ denied Plaintiff's claims on February 20, 2020. R. 22-44. The Appeals Council denied Plaintiff's request for review on September 10, 2020, making the ALJ's decision the final decision of the Commissioner. R. 1-6. Plaintiff then filed for judicial review in this Court, and on March 22, 2021, upon agreement of the Parties, the Commissioner's decision was reversed and remanded for further proceedings. R. 1227-37.

Plaintiff filed an additional Title XVI application for SSI on October 5, 2020, and in its remand order, the Appeals Council directed the ALJ to consolidate Plaintiff's claims. R. 1238-41. Another hearing before the ALJ was held on November 1, 2021. R. 1170-97. On March 3, 2022, the ALJ again denied Plaintiff's claims. R. 1255-80. The Appeals Council denied Plaintiff's request for review on August 30, 2022, making the ALJ's decision the final decision of the Commissioner. R. 1146-53. Plaintiff now seeks review of the Commissioner's final decision denying her claims.

### II.  The ALJ's Decision

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013. R. 1261. The ALJ analyzed Plaintiff's claims in accordance with the Social Security Administration's five-step sequential evaluation process. R. 1261-71.

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of August 21, 2009. R. 1261. At step two, the ALJ denied Plaintiff's Title II claim, finding that Plaintiff had no medically determinable impairment from August 29, 2009 to December 31, 2013.[3] R. 1261-62. The ALJ explained that the remainder of the decision, therefore, addressed Plaintiff's SSI claim, which was filed on June 21, 2018 (consolidated with the SSI claim filed on October 5, 2020). R. 1262. The ALJ found that since June 21, 2018, Plaintiff had the following severe impairments: bipolar disorder, anxiety, and degenerative disc disease of the lumbar spine. R. 1262. The ALJ found that all of Plaintiff's other impairments (alleged or found in the record) to be non-severe, including hypertension, asthma, pituitary microadenoma, broken ribs, and migraines. R. 1262. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, did not meet or medically equal one of the Social Security Administration's listings of impairments. R. 1263-65. Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with additional physical and mental limitations. R. 1265-69. At step four, the ALJ found that Plaintiff had no past relevant work. R. 1269. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. R. 1269-70. The ALJ then concluded that Plaintiff was not disabled under the Social Security Act. R. 1270.

---

[3] At step two, the ALJ incorrectly noted August 29, 2009 (as opposed to August 21, 2009) as Plaintiff's alleged onset date. This is presumably a typographical error, and does not impact the Court's analysis.

**DISCUSSION**

I.  **Judicial Review**

Under the Social Security Act, a person is disabled if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine disability within the meaning of the Social Security Act, the ALJ conducts a five-step inquiry, asking whether: (1) the claimant has performed any substantial gainful activity during the period for which they claim disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the RFC to perform her past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(a). "A finding of disability requires an affirmative answer at either step three or step five." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). "The claimant bears the burden of proof at steps one through four, after which at step five the burden shifts to the Commissioner." *Id.*

Judicial review of the ALJ's decision is limited to determining whether it adequately discusses the issues and is based upon substantial evidence and the proper legal criteria. *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks omitted). "To determine whether substantial evidence exists, the court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts,

4

or reconsidering facts or the credibility of witnesses." *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014). While this review is deferential, "it is not intended to be a rubber-stamp" on the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The Court will reverse the ALJ's finding "if it is not supported by substantial evidence or if it is the result of an error of law." *Id.* at 327.

The ALJ has a basic obligation both to develop a full and fair record and to "build an accurate and logical bridge between the evidence and the result [so as] to afford the claimant meaningful judicial review of the administrative findings." *Beardsley*, 758 F.3d at 837; *see also Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022). The ALJ "must explain [the ALJ's] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe*, 425 F.3d at 351). Even if reasonable minds could differ as to whether the claimant is disabled, courts will affirm a decision if the ALJ's opinion is adequately explained and supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

**II.     The ALJ's RFC determination was not supported by substantial evidence.**

Among other arguments, Plaintiff argues that the ALJ failed to support the RFC determination with substantial evidence. Dkt. 10 at 10-13. After a review of the record (dkt. 9) and the briefs (dkt. 10; dkt. 14; dkt. 15; dkt. 16; dkt. 17) submitted by the Parties, the Court agrees with Plaintiff. The Court will not address Plaintiff's other arguments, as this error alone requires remand.

### A. Legal Standard

The RFC is an "assessment of an individual's ability to do sustained work," or "the most an individual can work despite his or her limitations." *Jarnutowski*, 48 F.4th at 773. Per the relevant regulation, SSR 96-8p, an ALJ must "describe how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at 774 (citing 61 Fed. Reg. 34474, 34478 (July 2, 1996)). An ALJ's failure to comply with the regulation is a sufficient basis for remand; however, even where an ALJ fails to comply with the regulation, the Court may affirm the decision if the ALJ still built an accurate and logical bridge from the evidence to her conclusion. *Jarnutowski*, 48 F.4th at 774 (citation omitted). An ALJ must explain their evaluation of the evidence in such a way that permits meaningful review. *Scrogham*, 765 F.3d at 695.

### B. The ALJ's RFC Determination

Here, the ALJ determined that Plaintiff had the RFC to perform light work except that she: could frequently climb ramps, or stairs; could never climb ladders, ropes, or scaffolds; could frequently crouch, kneel, stoop, and balance; could only occasionally crawl; must avoid concentrated exposure to hazards (such as working at heights); could maintain attention and concentration; could follow simple instructions; could complete routine work tasks; could have occasional interaction with coworkers; and could have no interaction with the public. R. 1265-69.

In assessing Plaintiff's RFC, the ALJ first summarized Plaintiff's reports that her mental and physical impairments restricted her ability to work. R. 1265-66. The ALJ then summarized the medical records. R. 1266-67. The ALJ stated that, "The medical records document complaints and treatment related to [Plaintiff's] back impairment" and "complaints, diagnoses, and treatment related to [Plaintiff's] mental health." R. 1266-67. The ALJ concluded that

6

Plaintiff's impairments could reasonably be expected to cause some of her alleged symptoms, but also that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the record. R. 1267. The ALJ then considered the opinion evidence and prior administrative medical findings and declined to find any of them persuasive. R. 1268-69. The final paragraph of the RFC assessment reads:

> "In sum, the above [RFC] assessment is supported by the most current and complete evidentiary record, and therefore it represents the most current and complete assessment of the claimant's conditions, abilities, and limitations. The claimant's reports of back pain warrants [sic] the restriction to light exertion, as well as the additional postural limitations. The claimant's distraction from pain, coupled with the excessive fatigue and sleepiness stemming from the claimant's medications (though this has responded to medication adjustment), and compounded by the claimant's mental health impairments, warrants the limitations on exposure to hazards, as well as the complexity of the work and workplace. Finally, the claimant's mental health impairments, and particularly the reported mood swings and irritability, warrant the limitations on interpersonal interactions." R. 1269.

### C. Analysis

Even under the appropriate deferential standard of review, the Court finds that the RFC was not supported by substantial evidence in this case, because the ALJ failed to adequately link evidence to the limitations that she included in the RFC and to explain why she chose those particular levels of limitations. Without sufficient explanation of how the ALJ analyzed the evidence, the Court is unable to meaningfully review the decision. *See Scrogham*, 765 F.3d at 695.

7

Though the Commissioner argues that the ALJ reached her decision by "thoroughly analyzing all the medical evidence," the decision does not evidence such analysis. Dkt. 14 at 3. Most of the RFC is no more than a summary of Plaintiff's own reports and of the medical records. R. 1265-68. While summaries are appropriate to include in an ALJ's decision, a summary without analysis does not provide the Court with any indication of what evidence or reports the ALJ relied on to make her RFC determination or why. *Jeremy D. v. Saul*, No. 19 CV 50010, 2020 WL 757895, at *3 (N.D. Ill. Feb. 14, 2020) ("A summary of the medical evidence is not an analysis."); *Perry v. Colvin*, 945 F. Supp. 2d 949, 965 (N.D. Ill. 2013) ("[T]he act of summarizing the evidence is not the equivalent of providing an analysis of the evidence."). Here, the ALJ did not include evaluation or explanation of how the summarized evidence supported her conclusion that Plaintiff could perform work in line with the RFC, as she was required to do. *See Jarnutowski*, 48 F.4th at 774-77 (remanding where the ALJ failed to explain how the claimant could perform work in line with the RFC); *Theresa M. v. Kijakazi*, No. 20 CV 481, 2022 WL 4552093, at *4 (N.D. Ill. Sept. 29, 2022) ("Rather than explain why the medical evidence he had just discussed supported the limitations in the RFC, the ALJ merely summarized the evidence without meaningfully evaluating it or describing how it supported the RFC determination. The Court is therefore unable to determine whether substantial evidence supports the RFC determination."). On occasion in her decision, the ALJ hinted that she found some evidence more persuasive than other evidence, that some evidence outweighed other evidence, and/or that some of the evidence was inconsistent by including seemingly abnormal and normal findings in the same sentence. *See, e.g.*, R. 1267 ("While the claimant has complained of radiation down her right leg and a neurosurgeon in February 2020 noted reduced sensation in her right leg, she also had normal gait, normal strength and reflexes, normal tandem, and a normal

8

ability to stand on her heels/toes."). If these sentences were indeed conclusions that Plaintiff's normal findings were more persuasive than her abnormal findings, or that the findings were inconsistent with one another, the ALJ did not explain how she reached these conclusions. Such unsupported conclusions without more do not explain how the ALJ determined that certain evidence should be given more weight than other evidence, how she determined that certain evidence was inconsistent, or importantly how the allegedly conflicting evidence led to the applied level of limitations in the RFC. *See Peter H. v. Kijakazi*, No. 20 C 01906, 2022 WL 2105915, at *3 (N.D. Ill. June 10, 2022) ("[M]erely reciting the medical evidence in close proximity to conclusions does not create an accurate and logical connection between evidence and conclusions.") (citation omitted); *see also Channell v. Kijakazi*, No. 21 C 3094, 2022 WL 4386589, at *7 (N.D. Ill. Sept. 22, 2022) ("[T]he ALJ's summary of the treatment notes reflecting abnormal examinations, without analyzing any inconsistencies, does not sufficiently explain the…conclusion...").

It is only in the final paragraph of the RFC assessment that the ALJ even attempted to tie the RFC limitations to any of the evidence of Plaintiff's impairments. R. 1269. In that paragraph, she concluded that Plaintiff's impairments were accommodated for in the RFC, but she did so without explaining why or how she reached the particular level of limitations that she chose. R. 1269. For example, she stated that Plaintiff's reports of back pain warranted a restriction to light exertion and additional postural limitations, but did not explain why Plaintiff's reports warranted these particular limitations (such an explanation was especially necessary because she discounted Plaintiff's reports about her back pain symptoms, finding them not as incapacitating as alleged), so why the ALJ now determined these reports should lead to certain limitations, the Court cannot tell). R. 1267-69. The Court recognizes, as the Commissioner points out, that the ALJ was not

9

required to "address every piece or category of evidence identified by [Plaintiff], fully summarize the record, or cite support for every proposition or chain of reasoning." Dkt. 16 at 1. However, here, the Court cannot identify how any particular evidence led to the ALJ's RFC determination and thus cannot follow her overall chain of reasoning for evaluation purposes. *See Mark T. v. O'Malley*, No. 21-CV-6715, 2024 WL 1363661, at *4 (N.D. Ill. Mar. 29, 2024) ("The ALJ was required to connect evidence to the…limitations she imposed in the RFC.").

Additionally, the ALJ's failure to connect evidence to the RFC is compounded by the fact that she declined to find any of the medical opinion evidence persuasive. R. 1268-69. The Commissioner is correct that the RFC is a "legal – and not a medical – decision," and that the ALJ was not required to entirely rely on any particular medical provider's opinion. Dkt. 14 at 7 (citing *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007); *Michael B. v. Berryhill*, No. 18 C 236, 2019 WL 2269962, at *6 (N.D. Ill. May 28, 2019)). However, the ALJ "cannot reject all the relevant medical RFC opinions…and come up with [her] own ... RFC assessment ***without logically connecting the evidence to the RFC findings***…Under these circumstances, the ALJ creates an evidentiary gap that [s]he then impermissibly fills with h[er] own lay opinions." *Lakisha R. v. Kijakazi*, No. 20 C 7574, 2023 WL 2374974, at *4 (N.D. Ill. Mar. 6, 2023) (citation omitted) (emphasis added). This is what happened here, as the ALJ rejected all the medical opinion evidence and gave no indication of what other evidence she relied on, or how and why she relied on it. She was not permitted to do this. *See id.*; *see also Suide v. Astrue*, 371 F. App'x 684, 690 (7th Cir. 2010) ("[A]n ALJ…is not allowed to play doctor by using her own lay opinions to fill evidentiary gaps in the record.") (internal quotation marks and citation omitted).

Given the ALJ's insufficient explanation of how she came up with the particular RFC limitations she imposed, the Court cannot meaningfully review the decision to determine

whether substantial evidence supported it. *See Jarnutowski*, 48 F.4th at 774-77 (remanding where the ALJ failed to explain how the claimant could perform work in line with the RFC); *Lakisha R.*, 2023 WL 2374974, at *4 ("Without some explanation as to why the ALJ settled on the particular limitations…in the RFC, with support from medical or non-medical evidence, the Court is unable to trace the ALJ's reasoning and accordingly cannot determine whether the ALJ's decision is supported by substantial evidence.").

For all of the reasons above, Plaintiff's Memorandum in Support of Summary Remand (dkt. 10) is GRANTED and the Commissioner's Motion for Summary Judgment (dkt. 13) is DENIED. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**

Date: July 18, 2024

_____
BETH W. JANTZ
United States Magistrate Judge